UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALYA WATSON,

                            Plaintiff,

                    -against-

UNITED STATES OF AMERICA,

                            Defendant.

24-CV-8875 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction, seeking relief from the United States of America. By order dated December 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that
the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must
accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of
action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating
legal conclusions from well-pleaded factual allegations, the Court must determine whether those
facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.
Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.
Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)
(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the
level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is
'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is
based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action against the United States "because of espionage and HIPPA[1]

and privacy." (ECF 1 at 1.) Plaintiff alleges that the government is

> not giving me a grievance or redress from the government under equal protection
> because I wanted to be friends with the President and they infect me and try to get
> me to be a terrorist while not letting me defend myself from harrassment that
> thinks I'm gay and something about red flag law.

(*Id.* ¶ I.)

Plaintiff further asserts:

> People keep threatening to kill me with various forms of coercion putting fraud on
> my government card and mailing me call people from different numbers accusing
> it of being a scam that I'm homeless because of some arms deal and Russian
> people randomly raped me while they won't stop harrassing me in my shelter
> forcing me to take Erik Trump's money and not letting me have some child who
> might be disabled . . . [illegible].

(*Id.* ¶ III.)

In the "Injuries" section of the complaint, Plaintiff states that "They wouldn't let me go to

some nice hospital and keep injuring me from the weather and infecting me with germs and

pneumonia." (*Id.*) Plaintiff appears to seek money damages. (*Id*. ¶ IV.)

Since filing her complaint, Plaintiff has submitted scores of letters to the Court (ECF 5-

38). Plaintiff requests *pro bono* counsel, (ECF 5), and further states:

> I really have no family and no friends and I keep trying to impress Melania Trump
> with letters and some small business and these people at my shelter keeping
> harassing me and not letting me sue the city or the government for not placing me
> on some kind of property.

(ECF 6.)

---

[1] The Court understands this to be a reference to the Health Insurance Portability and
Accountability Act ("HIPAA"). The Court quotes the complaint verbatim. All spelling,
punctuation and grammar are as in the original.

Plaintiff further states, among other things, that: she wants "to sue these people without me refusing some marriage proposal"; (ECF 7); she wants to "file some kind of police report about how I never have any money and all these government workers keep wasting my time not housing me and never paying me and stores use me not having money" (ECF 8); "some nice lady at a church in Seattle was touching me making me wake up to my name Natalie" (ECF 10); that "these people were basically torturing me when this man elon musk proposed" (ECF 11); that she wants to "know why the government is stopping me from having some child but this child I wanted wont have a good education if you don't realize that I didn't go to law school or business school and can't represent myself." (ECF 12).

**DISCUSSION**

**A.    Sovereign immunity**

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any agency of the federal government, such as the DOJ, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the

doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[2]

**B.      Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *see also Denton*, 504 U.S. at 33.

To the extent that the Court can understand Plaintiff's complaint and letters, she asserts that the government is trying to infect her with illnesses and turn her into a terrorist, then failed to allow her to seek redress or obtain government assistance. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for the claims she asserts. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with allegations that she believes to be true but, because she has pleaded no factual predicate to support them, they are implausible. Therefore, her allegations amount to

---

[2] Plaintiff invokes the Health Insurance Portability and Accountability Act ("HIPAA,") which prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. That statute does not, however, "expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (citing § 1320d-5(a)(1)). Because "HIPAA confers no private cause of action, express or implied," *id.*, it does not provide a viable basis for a claim.

conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)). The Court therefore also dismisses Plaintiff's claims as frivolous. *See* § 1915(e)(2)(B)(i).

**C.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint and supplements cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3). The request for *pro bono* counsel is denied as moot.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    May 19, 2025
          New York, New York

                                    Louis L. Stanton
                                    Louis L. Stanton
                                    U.S.D.J.